**Abatement Order filed November 14, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00038-CR
_____

**FREDERICK ANTHONY MITCHELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1333266**

---

## ABATEMENT ORDER

Appellant was indicted for promotion of child pornography. On November 12, 2012, appellant pleaded guilty to the charged offense. The trial court entered the plea and signed an order certifying that appellant had no right of appeal. The case was then reset for sentencing on January 7, 2013.

At the next hearing, the trial court deferred an adjudication of guilt and placed appellant on community supervision for a period of ten years. One condition of appellant's community supervision provides that he must submit to a

1

program of psychological and physiological assessment at the direction of his community supervision officer. By the terms of the trial court's order, the program may include polygraph or plethysmograph testing. At the request of appellant's defense counsel, the trial judge stated that she would amend the certification and allow a limited appeal on the basis of "just the polygraph condition of that sex offender caseload." Appellant then objected to the requirement that he submit to either a polygraph or plethysmograph examination, citing *Leonard v. State*, 385 S.W.3d 570 (Tex. Crim. App. 2012). The trial court overruled this objection, stating that appellant was permitted to appeal "the use of the polygraph as a condition of sex offender caseload alone."

The clerk's record contains an amended certification of appellant's right to appeal, filed on January 7, 2013. This amended certification contains handwritten notations reflecting that appellant was given the right of appeal "limited to a condition of probation—use of polygraph as a condition of sex offender caseload." The trial court's amended certification is unsigned and it does not expressly authorize an appeal of the plethysmograph condition of appellant's community supervision. *See* Appendix.

Appellant filed a notice of appeal on January 11, 2013, challenging both the polygraph and plethysmograph conditions of his community supervision. In plea-bargain cases, such as this one, the record must contain a certification showing that the defendant has permission to file the appeal. *See* Tex. R. App. P. 25.2. This Court has determined that the amended certification is defective because it is not signed. When the certification of a defendant's right to appeal is defective, this court must afford a reasonable time for the defect to be remedied. *See* Tex. R. App. P. 37.1; *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). Therefore, we remand this case and order the trial court to review the record, confirm the

2

scope of appeal, and file a proper certification of appellant's right of appeal. The trial court shall specifically clarify whether appellant may challenge the condition of his community supervision requiring him to submit to plethysmograph testing. The signed certification, along with any other related records, shall be filed with the Clerk of this Court in a supplemental clerk's record no later than **December 16, 2013**. *See* Tex. R. App. P. 37.1.

We abate this appeal, treat it as a closed case, and remove it from this Court's active docket. The appeal will be reinstated on this Court's active docket when the signed certification is filed with the Clerk of this Court.

It is so ORDERED.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Brown.

**APPENDIX**

"Trial Court's Certification of Defendant's Right of Appeal" filed January 7, 2013

 

Cause No. 1333266

THE STATE OF TEXAS

IN THE 337 DISTRICT COURT

v.

COUNTY CRIMINAL COURT AT LAW No. ____

FREDERICK MITCHELL, Defendant

HARRIS COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐    is not a plea-bargain case, and the defendant has the right of appeal. [*or*]

☐    is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. [*or*]

☑    is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*] LIMITED TO A CONDITION OF PROBATION - USE OF

☐    is a plea-bargain case, and the defendant has NO right of appeal. [*or*]

☐    the defendant has waived the right of appeal.

POLYGRAPH A A CONDITION OF SEX OFFENDER CASELOAD.

FILED
Chris Daniel
District Clerk
JAN 07 2013

JAN 07 2013

_____          _____     Time: _____ Harris County, Texas
Judge                                            Date Signed                                    By _____ Deputy

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____          RANDY SCHAFFER
Defendant                                     Defendant's Counsel

Mailing Address: 10107 BRANTLEY BEND          State Bar of Texas ID number: 17724500
AUSTIN 78748
Telephone number: 512-280-0101          Mailing Address: 1301 McKINNEY SUITE 3100  77010

Fax number (if any): _____          Telephone number: 713-951-9555

Fax number (if any): 713-951-9854

IMAGED

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or *nolo contendere* and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2).

CLERK

9/1/2011